**WO**                                                                                              BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph Slusher, | No. CV 04-0293-PHX-EHC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Ralph Slusher, currently confined in the Arizona State Prison in Douglas, Arizona, filed a *pro se* First Amended Complaint pursuant to 42 U.S.C. § 1983. The Court will order Defendant Goal to answer the Complaint.

**A.    Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

TERMPSREF

**B.    Complaint.**

Plaintiff names as defendants, in their individual and official capacities, (1) Deputy J.T. Goals, Deputy Sheriff and head of the Transportation Unit, (2) Deputy John Doe, the Assistant Driver of Transportation, and (3) Sheriff Joseph M. Arpaio. Plaintiff sets forth the following claims.

*Count I*

Plaintiff alleges that Defendant Goal was transporting Plaintiff in a van assigned to him by Defendant Arpaio. According to Plaintiff, Defendant Goal, acting with deliberate indifference, failed to control the vehicle, and ran into a wall. As a result, Plaintiff suffered back, neck, and spine injuries. Plaintiff argues that Defendant Goal, working under the policies and customs developed by Defendant Arpaio, placed Plaintiff in a seat without a seatbelt and handcuffed and shackled Plaintiff to another inmate. Plaintiff alleges that these actions, and the policies and customs controlling these actions, violated his constitutional rights.

*Count II*

Plaintiff alleges that John Doe helped place Plaintiff in the van, which lacked seatbelts and in which Plaintiff was handcuffed and shackled to another inmate. Plaintiff further alleges that John Doe and Defendant Goal refused to provide Plaintiff medical attention after the accident, despite observing that he was seriously injured, namely suffering from back, neck, and spine injuries. Plaintiff alleges John Doe and Defendant Goal were deliberately indifferent to Plaintiff's serious medical needs.

*Count III*

Plaintiff alleges that Defendant Arpaio is vicariously liable for the denial of medical care because Plaintiff was under his control and the Deputies were his employees. Plaintiff further alleges that he made repeated requests for medical intervention over a period of thirteen days, but he was denied medical care until after he filed his grievance.

1  **C.     Failure to State a Claim.**

2      *1.     Count I*

3  Plaintiff alleges that his constitutional rights were violated when Defendant Goal, with 4 deliberate indifference, wrecked the van which he was using to transport Plaintiff. Plaintiff 5 argues that the fact that he was not provided with a seatbelt and was handcuffed to another 6 inmate, a policy and custom initiated by Defendant Arpaio, contributed to the violation of 7 his constitutional rights.

8 "To sustain an action under section 1983, a plaintiff must show (1) that the conduct 9 complained of was committed by a person acting under the color of state law; and (2) that 10 the conduct deprived the plaintiff of a federal constitutional or statutory right." Wood v. 11 Ostreander, 879 F.2d 583, 587 (9th Cir. 1989). "[M]ere negligence or lack of due care . . . 12 does not state a claim under section 1983." Id. (citing to Davidson v. Cannon, 474 U.S. 344, 13 347 (1986)). Arizona law does not require seatbelts for persons over the age of sixteen in the 14 rear of a vehicle designed to carry ten or fewer persons. See A.R.S. § 28-909.

15 Plaintiff fails to demonstrate that his constitutional rights were violated by Defendant 16 Arpaio's policy and custom of having no seatbelts in the van and having inmates handcuffed 17 to each other. Plaintiff does not have a constitutional right to a seatbelt; nor does he have a 18 constitutional right to be free from being handcuffed to a fellow inmate. Further, Plaintiff 19 failed to assert any facts supporting his allegation that Defendant Goal was deliberately 20 indifferent in his allegedly negligent handling of the vehicle. Accordingly, this count will 21 be dismissed without prejudice.

22      *2.     Count III*

23 For a person to liable in his official capacity, Plaintiff must allege that he acted as a 24 result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 25 1188 (9th Cir. 2001) (citing Monell v. New York City Dept. of Social Serv., 436 U.S. 658, 26 690-91 (1978). Moreover, a supervisor, in his individual capacity, "is only liable for 27 constitutional violations of his subordinates if the supervisor participated in or directed the 28 violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880

F.2d 1040, 1045 (9th Cir. 1989). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).

Plaintiff alleges that Defendant Arpaio was deliberately indifferent to his medical needs because he is vicariously liable for the actions of his employees. Plaintiff further acknowledges that he received medical attention after he filed his grievance. Accordingly, because Plaintiff does not sufficiently allege that Defendant Arpaio directly acted with deliberate indifference to Plaintiff's medical needs or had a custom or policy in place to do such, Count III will be dismissed without prejudice. Moreover, because both Counts involving Defendant Arpaio will be dismissed, Defendant Arpaio also will be dismissed without prejudice.

**D.    Claims For Which An Answer Will be Required.**

At this early stage, Plaintiff sufficiently sets forth a claim that Defendant Goal and John Doe were deliberately indifferent to his medical needs when, after witnessing that Plaintiff was injured in a car wreck, they refused to provide Plaintiff medical attention. Defendant Goal will be ordered to answer this claim.

*John Doe*

Plaintiff named as a defendant an unknown Deputy "John Doe." Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d

1160, 1163 (9th Cir. 1999) (citing <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff may use the discovery processes to obtain the name of the person whom he believes violated his constitutional rights. If Plaintiff discovers the true identity of this fictitious party through the discovery process, or otherwise, he may seek leave of the Court to amend his Amended Complaint to name the individual in place of John Doe.

**E.     Warning of Possible Dismissal Pursuant to Rule 41.**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), <u>cert. denied</u>, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED that:**

(1) Counts I and III, and Defendant Arpaio are dismissed without prejudice.

(2) Defendant Goal will be required to answer Count II.

(3) The Clerk of Court shall send Plaintiff a service packet including the Amended Complaint (Doc. #10), this Order, and both summons and request for waiver forms for Defendant Goal.

(4) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on the Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(6) The United States Marshal shall retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the Summons, Amended Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant.  The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Amended Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant shall answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or responsive pleading shall state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other

motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11)  Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(12) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(13) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(14) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

DATED this 3rd day of October, 2005.

_____
Earl H. Carroll
United States District Judge

TERMPSREF